STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

September 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HARRISON COUNTY YMCA,**
**Employer Below, Petitioner**

**vs.)   No. 14-1145** (BOR Appeal No. 2049425)
                    (Claim No. 2013000409)

**JODI L. WILDMAN,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Harrison County YMCA, by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jodi L. Wildman, by Robert L. Stultz, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 8, 2014, in which the Board modified and affirmed an April 25, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 18, 2013; March 28, 2013; and March 15, 2013, decisions denying authorization for a tibial tubercle osteotomy of the right knee, granting a 3% permanent partial disability award, and closing the claim for temporary total disability benefits. The Office of Judges authorized the surgery, reversed the permanent partial disability award as premature, and granted temporary total disability benefits from March 15, 2013, through October 2, 2013. The Board of Review modified the Order adjusting the temporary total disability benefits owed to account for wages Ms. Wildman earned during that period. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Wildman, a life guard, was injured in the course of her employment on June 21, 2012, while helping an elderly man out of a pool. The employee's and physician's report of

1

injury indicates that she suffered a right knee sprain/strain. It was later determined that Ms. Wildman also suffered patellofemoral instability. An independent medical evaluation was performed by Bill Hennessey, M.D., on March 15, 2013. At that time, Ms. Wildman reported severe and constant pain in her right knee since the compensable injury. It was noted that her treating physician, Lucas Pavlovich, M.D., previously performed surgery on the knee; however, it did not alleviate the pain. Dr. Hennessey found that Ms. Wildman had reached maximum medical improvement and had some residual mild right patella instability. He opined that her subjective symptoms are not supported by the objective findings. He recommended no further treatment and stated that she could return to work because she has no physical limitations. He assessed 3% impairment.

Ms. Wildman participated in vocational training. In reports from VocWorks in March of 2013, it was noted that she was released to return to work with restrictions; however, Harrison County YMCA was unable to accommodate them. Ms. Wildman stated that she felt unsafe returning to her job because she did not feel she was capable of pulling people out of the pool if necessary. Modified self-duty off-site (MDOS) program placement was arranged. Although Ms. Wildman attended the initial meeting, she would not sign paperwork until her attorney reviewed it. She reported for work one day and then refused to return. She testified in a deposition that she could not work at the job assigned in the MDOS program because she could not do some of the duties. She stated that she has not been released to return to work with no restrictions. At the time of her May of 2013 deposition, she had been employed at Premier Medical since April 17, 2013, as a front desk clerk compatible with her restrictions.

Treatment notes by Dr. Pavlovich indicate that Ms. Wildman underwent a proximal patellar realignment but continues to have problems in her right knee. He suggested a tibial tubercle osteotomy. He then testified in a deposition that Ms. Wildman tried six months of conservative treatment before surgery was suggested. She underwent a proximal realignment procedure, which is for the treatment of mild to moderate patellofemoral instability. The surgery did not alleviate her symptoms, and she now requires a tibial tubercle osteotomy to treat her subjective complaints of patellar instability. He explained that she gets relief from her symptoms from a temporary physical procedure where her patella is manually manipulated. This led him to believe the osteotomy would benefit her. He stated that when he examined her, he examined both the injured and uninjured knee and there was a clinical difference between the two.

Dr. Hennessey stated in a second report that he reviewed additional medical records and his opinion remained the same. He stated that though Ms. Wildman's right knee is not completely normal, there are no physical restrictions for her to resume her normal work duties and daily activities. He was concerned about Dr. Pavlovich's failure to discuss her lack of pain relief following her first surgery. Dr. Hennessey said that she does not need and would not benefit from further treatment, including surgery.

The claims administrator closed the claim for temporary total disability benefits on March 15, 2013. On March 28, 2013, it granted Ms. Wildman a 3% permanent partial disability award. Finally, on December 18, 2013, the claims administrator denied authorization of a tibial tubercle osteotomy of the right knee. In its April 25, 2014, Order, the Office of Judges reversed

the claims administrator's decisions; granted temporary total disability benefits from March 15, 2013, through October 2, 2013; reversed the permanent partial disability award as prematurely entered; and authorized the requested surgery.

The Office of Judges determined that the evidence warrants a conclusion that Dr. Pavlovich's opinion merits determinative evidentiary weight. His treatment notes and deposition were found to constitute a credible, preponderant evidentiary foundation for the conclusion that Ms. Wildman has not yet reached maximum medical improvement for the compensable injury. The Office of Judges noted that it gave deference to his opinion in its prior January 31, 2013, Order as he is the only board-certified orthopedic surgeon of record. The Office of Judges found that Dr. Pavlovich's clinical examination findings are compatible with Ms. Wildman's subjective complaints and her inability to return to her pre-injury occupation pending maximum medical improvement. He testified that his clinical findings were compatible with a recommendation for a tibial tubercle osteotomy. He opined that her prior conservative treatment and initial patellar realignment failed to fully treat the problem. His clinical examination showed tenderness of the lateral facet of the patella and physical manipulation of the patella medially improved her pain during subsequent range of motion testing. He stated that those two factors confirm the reasonable necessity of his surgical recommendation. Because the requested surgery was found to be medically reasonable, the Office of Judges also determined that the 3% permanent partial disability award was prematurely granted given that Ms. Wildman had not yet reached maximum medical improvement.

In regard to temporary total disability benefits, the Office of Judges found that the vocational rehabilitation progress reports fail to establish a basis for the closure of the claim for temporary total disability benefits. The Office of Judges determined that Dr. Pavlovich credibly opined that Ms. Wildman remained temporarily and totally disabled. The claims administrator directed her to present for MDOS work. The Office of Judges found that the claims administrator failed to identify any supportive, vocational rehabilitation regulatory guidelines that require her to present for work with a third party in order to continue to be eligible for temporary total disability benefits. Though the vocational rehabilitation records state that Dr. Pavlovich agreed to certain light-duty restrictions, verification of the restrictions by Dr. Pavlovich do not appear in the record. There is also no indication that Dr. Pavlovich was aware of or agreed to Ms. Wildman's alternative employment for the MDOS program. The Office of Judges further determined that the MDOS option was premised on either a formal rehabilitation evaluation and/or the agreed upon development of a rehabilitation plan as structured in West Virginia Code of State Rules § 85-15 (2006). Lastly, the Office of Judges stated that the record fails to show how Ms. Wildman's participation in MDOS work satisfies any of the suitable gainful employment priorities set forth in West Virginia Code of State Rules § 85-15-4.1 (2006).

The Board of Review modified and affirmed the Office of Judges' Order. It determined that the Office of Judges was correct with the exception of Ms. Wildman's temporary total disability wages. The Board of Review found that she testified she started working for Premier Medical on April 17, 2013, and Dr. Pavlovich noted on October 2, 2013, that she was no longer working. The Office of Judges granted temporary total disability benefits from March 15, 2013, through October 2, 2013. The Board of Review held that Ms. Wildman was unable to perform

her pre-injury work as a lifeguard at that time; however, she is not entitled to the full amount of temporary total disability benefits during the time period that she was working for Premier Medical. The Board of Review Ordered that the amount of the benefits awarded be reduced by the wages earned during that period.

On appeal, Harrison County YMCA argues that there are no current objective findings to support Ms. Wildman's subjective complaints, and the requested surgery is for the treatment of her subjective complaints. It further argues that she refused to participate in an MDOS program. Ms. Wildman asserts that the surgery was correctly authorized based on Dr. Pavlovich's opinion. She also argues that she was not required to participate in an MDOS program in order to continue to receive temporary total disability benefits and there is no rehabilitation plan or any evidence that participation would lead to gainful employment.

After review, we agree with the reasoning and conclusions of the Board of Review. Ms. Wildman has shown with credible evidence that the requested surgery is medically necessary and reasonably required to treat her compensable injury. The Office of Judges was within its right to find that Dr. Pavlovich's opinion is more reliable than that of Dr. Hennessey. Ms. Wildman has also shown that she has not reached maximum medical improvement and her permanent partial disability award was therefore prematurely granted. Also, she is entitled to temporary total disability benefits from March 15, 2013, through October 2, 2013, less her wages earned during that period.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

4